IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DEANGIILO HILL<br>Institutional ID No. 208939,<br><br>Plaintiff,<br><br>v.<br><br>KELLY ROWE,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:21-CV-007-BQ |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION AND ORDER OF TRANSFER**

The Honorable James Wesley Hendrix, United States District Judge, transferred this case to the undersigned United States Magistrate Judge by order dated February 1, 2021. ECF No. 10. The undersigned thereafter reviewed pro se Plaintiff Deangiilo Hill's Complaint and authenticated records from Lubbock County, and held an evidentiary hearing on April 20, 2021, pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). ECF Nos. 12, 14, 15. In accordance with the order of transfer, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that Hill's claim for food deprivation against Sheriff Rowe in his individual capacity survives preliminary screening. ECF No. 17. Consequently, the Court entered an order requiring Defendant to answer or otherwise plead to Hill's claims. *Id.* Defendant Rowe filed his Answer on July 29, 2021. ECF No. 21.

As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Defendant's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

I. **Discussion**

The undersigned previously found that Hill's claim alleging reduced food portions survives preliminary screening.[1] See Order of Partial Dismissal, Order Directing Service by the United States Marshall, & Order for Defendants to Answer 18–19, ECF No. 17.

Hill contends that on February 19, 2020, LCDC officers cuffed him, brought him to kneel in the middle of the floor, and surrounded him while Defendant Rowe threatened him. Compl. 4, ECF No. 1; Tr. 7:21–24, ECF No. 16. Specifically, Hill alleges that Defendant Rowe stated that he would, inter alia, "starve [Hill] and make it look like suicide!" because Rowe believed Hill and two other inmates assaulted an LCDC guard the previous day. Compl. 4–5; Tr. 4:24–5:8. According to Hill, his food portions have been "short" since Defendant Rowe's threat. Compl. 6; Tr. 11:18–12:11. He contends that he "really didn't eat food in the population" because he purchased food through the commissary, but while housed in administrative segregation he had no access to commissary food and was limited to the meals provided by LCDC. Tr. 12:1–9, 21:8–9. Although Hill admits receiving three meals a day, he nevertheless maintains that (1) the portions are inadequate, (2) they are "sometimes" different than what others in administrative segregation receive, and (3) he has lost more than thirty pounds as a result. Tr. 11:18–24, 12:8–25.

Because "pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of basic human needs." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (internal quotation marks omitted). "The

---

[1] The Court concluded that Hill's claims for Sheriff Rowe's alleged threats; retaliation; mail tampering; equal protection violations; the denial of phone, visitation, and recreation time, as well as the ability to purchase commissary food; Lubbock County Detention Center (LCDC) officers' failure to follow jail procedure; and any claim against Sheriff Rowe in his official capacity failed to state a claim for relief and dismissed them through the same order. *See* ECF Nos. 17, 19.

2

constitutional rights of a pretrial detainee, [however], flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Id.* "Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dall. Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644–45). Where Hill, a pretrial detainee, complains about "a particular act or omission of one or more officials," i.e., Defendant Rowe's alleged threat to starve him, the Court construes his claim as an "episodic act or omission." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *see Mayes v. Valdez*, No. 3:15-CV-3424-M-BH, 2017 WL 4075184, at *5 (N.D. Tex. Aug. 21, 2017) ("Because Plaintiff's factual allegations do not suggest a 'systematic failure' in failing to provide nutritionally adequate meals to detainees at the Jail, he presents an episodic act or omission claim."), *R. & R. adopted by* 2017 WL 4022890 (N.D. Tex. Sept. 13, 2017). To state a viable claim against an individual defendant in an episodic act or omission case, a detainee "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [his] constitutional rights." *Olabisiomotosho*, 185 F.3d at 526 (citation omitted). "Subjective deliberate indifference means the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Id.* (internal quotation marks omitted).

The Constitution requires that detainees receive "reasonably adequate" food. *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (citation omitted). Whether an institution's meals fall below the "constitutional threshold depends on the amount and duration of the deprivation." *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (discussing a food deprivation claim under the Eighth Amendment). Here, Hill's factual assertions state a claim sufficient to survive preliminary screening. *See, e.g., Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (per

3

curiam) (concluding that prisoner's allegation that prison served inadequate food portions, causing him to lose weight, was sufficient to survive screening); *cf McGarrah v. Kimbrow*, No. 3:14–CV–2088–B–BK, 2015 WL 105228, at *5 (N.D. Tex. Jan. 6, 2015) (dismissing at screening claim alleging pretrial detainee received reduced food portions where he did "not contend that he lost weight or that he suffered any physical injury as a result"); *McCallister v. Valdez*, No. 3–10–CV–1309–D, 2010 WL 3766807, at *3 (N.D. Tex. Aug. 18, 2010) (same), *R. & R. adopted by* 2010 WL 3766779 (N.D. Tex. Sept. 23, 2010).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Because Defendant Rowe has asserted the affirmative defense of qualified immunity, it is the undersigned's **RECOMMENDATION** that the United States District Judge enter a limited scheduling order, requiring Defendant to file a motion for summary judgment with supporting evidence, for the purpose of making a preliminary determination on qualified immunity. *See* ECF No. 21, at 2 (raising several defenses, including qualified immunity). Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:21-CV-007-H.

## II. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

Case 5:21-cv-00007-H Document 23 Filed 08/17/21 Page 4 of 5 PageID 924

with a copy. *See* 28 U.S.C. § 636(b)(1) (2019); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 17, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

5