UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DEANGIILO HILL, Institutional ID No. 208939<br><br>Plaintiff,<br><br>v.<br><br>KELLY ROWE,<br><br>Defendant. | No. 5:21-CV-00007-H |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND REQUIRING A MOTION ON QUALIFIED IMMUNITY

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this Court enter a limited scheduling order, requiring Defendant Kelly Rowe to file a motion for summary judgment with supporting evidence, for the purpose of making a preliminary determination on qualified immunity. (Dkt. No. 23.) No objections were filed. The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

In his Answer, Defendant Rowe asserted several affirmative defenses, including the defense of qualified immunity. (*See* Dkt. No. 21.) As soon as a defendant invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"); *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the

defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))); *Shaw v. Villanueva*, 918 F.3d 414, 416–17 (5th Cir. 2019) ("When a defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity." (citations omitted)).

To promote the efficient determination of the qualified-immunity issues, the Court will decide the question of qualified immunity by way of a motion for summary judgment. Accordingly, Defendant Rowe is ordered to file a motion for summary judgment with supporting evidence on the issue of qualified immunity no later than March 5, 2022.[1] The summary- judgment motion, any response, and any reply must comply with the requirements of the Local Civil Rules of the Northern District of Texas.

All discovery is stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court. *See Wicks v. Miss. State Emp't Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). If a claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015) (quoting *Lion Boulos*, 834 F.2d at 507–08).

---

[1] After the issue of qualified immunity is resolved, an additional summary-judgment motion on any or all remaining issues may be filed if need be. *See* LR 56.2(b).

When a defendant has asserted a qualified-immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified-immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified-immunity issues raised in the expected motion for summary judgment. *See Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."). *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507)); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) ("[A] court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'" (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

After defendant files his motion for summary judgment, the Court will issue a further order setting forth procedures and deadlines for any possible request for limited discovery related to the affirmative defense of qualified immunity. Plaintiff may file a response by **no later than 30 days** from the date shown on the certificate of service attached to the motion for summary judgment.

So ordered.

Dated January 4, 2022.

JAMES WESLEY HENDRIX
United States District Judge